**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEMETRIUS REDMOND, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14 cv 5482 |
| ) | |
| CITY OF CHICAGO, a municipal corporation, ) | |
| OFFICER PELLERANO, Star No. 19165, ) | |
| a Chicago Police Officer in his individual ) | |
| capacity; OFFICER BERKA, ) | |
| Star No. UNKNOWN, a Chicago Police Officer ) | |
| in his individual capacity; ) | |
| THOMAS J. DART, in his official ) | |
| capacity as Cook County Sheriff; ) | |
| UNKNOWN OFFICERS of the COOK COUNTY ) | |
| SHERIFF'S DEPARTMENT; ) | |
| and the COUNTY OF COOK, a Body Politic ) | |
| and Corporate, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff, DEMETRIUS REDMOND, by and through his

attorney, Victor P. Henderson, and complains of CITY OF CHICAGO, a municipal

corporation, OFFICER PELLERANO, Star No. 19165, a Chicago Police Officer in

his individual capacity; OFFICER BERKA, Star No. UNKNOWN, a Chicago Police

Officer in his individual capacity; THOMAS J. DART, in his official capacity as

Cook County Sheriff; and the COUNTY OF COOK as follows:

**Jurisdiction and Venue**

1.    Plaintiff DEMETRIUS REDMOND is a resident of the Northern

District of Illinois.

2.      Defendant City of Chicago is an Illinois municipal corporation and the indemnifying entity for any legal judgment entered against Officers Pellerano and Berka based on the allegations contained in this Complaint.

3.      At all relevant times, Defendant THOMAS J. DART was the Sheriff of Cook County.  He was responsible for all security, corrections policies and practices at the Cook County Jail ("CCJ").  Defendant THOMAS J. DART is responsible for the care, custody, and control of each individual housed at the CCJ.

4.      Defendant County of Cook is a local governmental unit under the laws of the State of Illinois.  The County of Cook has jurisdiction over the on-site medical facility at the CCJ that provides health services for its detainees, which facility is known as Cermak Health Services, and more generally over CCJ as a whole.  Cook County, at all times relevant to the incidents that are the subject of this lawsuit, has acted through its officials to implement a policy or custom that has deprived Mr. Redmond of certain of his rights guaranteed by the United States Constitution. Cook County, through the Sheriff's Office, runs CCJ and has a legal responsibility to ensure that CCJ is operated in compliance with the United States Constitution.

5.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 to redress the deprivation under color of law of Demetrius Redmond's rights as secured by the United States Constitution.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 1391(b).  The parties reside in this judicial

district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

## **Facts**

7.    On or about July 25, 2013, Demetrius Redmond was driving in his van to his mother's house.

8.    When Mr. Redmond was around the vicinity of Lavergne and Chicago Avenue, in Chicago, Illinois, he dropped the cigarette he was smoking onto the floor of his van.

9.    Mr. Redmond pulled over to retrieve his cigarette from the floor.

10.    Then, two Chicago Police officers, Officer Pellerano and Officer Berka ("Defendant Officers") pulled up behind Mr. Redmond.

11.     The Defendant Officers approached Mr. Redmond and told him that they were going to give him a ticket for blocking an alley.

12.     The Defendant Officers asked Mr. Redmond for his license and registration.

13.    As Mr. Redmond attempted to retrieve his license and registration, the Defendant Officers reached in and pulled him out of the van and onto the street.

14.    The Defendant Officers then handcuffed Mr. Redmond's hands behind his back.

15.    The Defendant Officers used a separate set of handcuffs to handcuff Mr. Redmond to another man who was on the street.

16.    Mr. Redmond did not know the other man.

3

17.  Mr. Redmond's shorts were loose and he was not wearing a belt, so he tried to pull them up while he was handcuffed.

18.  One of the Defendant Officers pulled Mr. Redmond in one direction while he was still handcuffed to the other man.

19.  Meanwhile, the other Defendant Officer pulled the other man in the opposite direction while he was still handcuffed to Mr. Redmond.

20.  One of the Defendant Officers kicked Mr. Redmond around the left leg and ankle.

21.  Mr. Redmond stumbled and almost fell to the ground when he was kicked.

22.  After he was kicked, Mr. Redmond immediately felt pain and his foot turned at an odd angle.

23.  Mr. Redmond was then arrested.

24.  The Defendant Officers put Mr. Redmond into their paddy wagon.

25.  Because of his injury, Mr. Redmond had to be lifted into the paddy wagon in a sitting position and scooted backward into it.

26.  Mr. Redmond was first taken to the police station.

27.  Mr. Redmond could not exit the paddy wagon due to his injuries, so officers needed to assist him.

28.  After being taken to the police station, he was taken to the emergency room at Loretto Hospital ("Loretto").

29.  At Loretto, Mr. Redmond was treated for an ankle fracture by Dr.

Steven Meeks.

30.     At Loretto, Mr. Redmond's leg was splinted.

31.     Mr. Redmond's pain was treated with Morphine/Dilaudid at Loretto.

32.     The doctors at Loretto told both Mr. Redmond and the police that Mr. Redmond would need to see an orthopedic specialist within 24 to 48 hours and would need surgery on his ankle.

33.     Mr. Redmond was then taken back to the police station.

34.     Mr. Redmond was then transported to Cook County Jail.

35.     Mr. Redmond remained at Cook County Jail for 41 days.

36.     Two or three weeks into his stay at Cook County Jail, Mr. Redmond was taken to Stroger Hospital, at which time his leg was x-rayed and then placed into a long-leg cast.

37.     Meanwhile, Mr. Redmond was charged with possession of a controlled substance with intent to deliver and two counts of resisting arrest.

38.     The resisting arrest charges were dismissed on or about August 13, 2013.

39.     Mr. Redmond pled guilty to the controlled substance charge and received six months in the Illinois Department Of Corrections.

40.     On or around September 6, 2013, Mr. Redmond was taken to Stateville Correctional Center ("Stateville").

41.     Mr. Redmond remained at Stateville until approximately October 3, 2013.

5

42.    Mr. Redmond's leg was examined at Stateville and he was told that it was not healed.

43.    Mr. Redmond was then transferred to Vandalia Correctional Center ("Vandalia").

44.    Mr. Redmond's ankle was examined at Vandalia.

45.    The doctor at Vandalia said that Mr. Redmond should have had surgery a long time ago.

46.    Mr. Redmond had surgery on his ankle at Carle Hospital in Urbana, Illinois in December 2013.

47.    Mr. Redmond was released from Vandalia on or about January 23, 2014.

48.    After his release, Mr. Redmond attended physical therapy at Schwab Rehabilitation Hospital ("Schwab").

49.    Mr. Redmond had to discontinue his physical therapy at Schwab due to financial constraints.

50.    Mr. Redmond continues to suffer pain and swelling in his foot due to his injuries, as well as the inability to stand or walk for long periods of time.

## COUNT I - EXCESSIVE FORCE
### (Defendant Officers Pellerano and Berka)

51.    Each of the above Paragraphs is incorporated as if restated herein.

52.    At all relevant times, the Defendant Officers were Chicago Police Officers acting under color of law.

53.     As described in the preceding paragraphs, the Defendant Officers subjected Demetrius Redmond to unreasonable and excessive force in violation of Mr. Redmond's rights as guaranteed by the United States Constitution.

54.     The Defendant Officers intentionally and forcibly subjected Demetrius Redmond to unreasonable and excessive force in that they intentionally pulled him while he was handcuffed to another man who was being pulled in the other direction.

55.     One of the Defendant Officers intentionally and forcibly subjected Demetrius Redmond to unreasonable and excessive force in that he intentionally kicked him in the left ankle and leg.

56.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Demetrius Redmond's constitutional rights.

57.     Demetrius Redmond's ankle fracture and continued pain, swelling, and inability to stand or walk for extended periods of time are a direct result of the Defendant Officers' unjustified and excessive use of force.

**WHEREFORE**, Plaintiff, Demetrius Redmond, demands compensatory damages in excess of the jurisdictional amount against the Defendant Officers, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## COUNT II –BATTERY
### (Defendant Officers Pellerano and Berka)

58.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

59.     As described in the preceding paragraphs, the Defendant Officers subjected Demetrius Redmond to unconsented harmful contact in violation of his rights.

60.     The Defendant Officers caused unconsented harmful contact to Demetrius Redmond's person in that they intentionally pulled him while he was handcuffed to another man who was being pulled in the other direction.

61.     One of the Defendant Officers caused unconsented harmful contact to Demetrius Redmond's person in that he intentionally kicked him in the left ankle and leg.

62.     As a direct and proximate result of the Defendant Officers' conduct, Mr. Redmond suffered and continues to suffer an ankle fracture and continued pain, swelling, and inability to stand or walk for extended periods of time.

**WHEREFORE**, Plaintiff, Demetrius Redmond, demands compensatory damages in excess of the jurisdictional amount against the Defendant Officers, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## COUNT III – *MONELL* CLAIM
### (Defendant City Of Chicago)

63.     Each of the above Paragraphs is incorporated as if restated herein.

64. Defendant City Of Chicago tacitly approves of unconstitutional and unlawful use of excessive force by its employee police officers through one or more of the following *de facto* policies, practices, and/or customs:

a) Fails to objectively investigate police-involved shootings, and instead conducts *pro forma* investigations which exonerate police officers who use excessive force regardless of the facts of the case at issue, thereby ratifying and encouraging unlawful uses of excessive force;

b) Publicly proclaims all police uses of force to be justified regardless of the facts of the case at issue;

c) Fails to maintain accurate or complete records of police uses of force;

d) Fails to properly discipline its employees when they use unlawful excessive force against citizens;

e) Maintains a "code of silence" or "blue wall" between members of the Chicago Police Department when they 1) fail to properly report misconduct; and/or 2) take steps to cover up or legitimize misconduct.

65. The aforementioned policies, practices, and/or customs of the City of Chicago have been maintained and implemented with deliberate indifference to the constitutional rights of citizens to be free from excessive force.

66. One or more of the aforementioned policies, practices, and/or customs of the City Of Chicago was the "driving force" and cause of the Defendant Officers' aforementioned misconduct against Demetrius Redmond.

67. One or more of the aforementioned policies, practices, and/or customs

9

of the City of Chicago was a proximate cause of Mr. Redmond's aforementioned injuries including a fractured ankle, pain and swelling, and inability to stand or walk for extended periods of time.

**WHEREFORE**, Plaintiff, Demetrius Redmond, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## COUNT IV – INDEMNIFICATION
### (Defendant City Of Chicago)

68.     Each of the above paragraphs is incorporated as if restated herein.

69.     Public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

70.     The Defendant Officers were employees of the City Of Chicago at the time they committed the aforementioned violations against Demetrius Redmond, and acted within the scope of their employment in committing the aforementioned misconduct.

**WHEREFORE**, Plaintiff, Demetrius Redmond, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## COUNT V - DELIBERATE INDIFFERENCE – FAILURE TO PROVIDE MEDICAL CARE
### (Defendant Cook County Sheriff Thomas Dart and Unknown Officers Of The Cook County Sheriff's Department)

71.     Each of the above paragraphs is incorporated as if restated herein.

72.     Demetrius Redmond's ankle fracture is a serious medical condition.

73.     Defendants knew about Mr. Redmond's ankle fracture because Mr. Redmond's ankle was examined at Cook County Jail.

74.     Defendants knew about Mr. Redmond's ankle fracture because, upon information and belief, information about the fracture was transmitted to them from Loretto Hospital.

75.     Defendants knew about the substantial risk of serious harm to Mr. Redmond if he did not receive the proper medical treatment including but not limited to timely surgery on his ankle.

76.     Defendants deliberately, willfully, and wantonly disregarded the obvious and serious medical needs of Mr. Redmond and risks to his health and failed to take appropriate steps to facilitate his ankle surgery, thus violating Mr. Redmond's rights under the Fourteenth and Eighth Amendments to the United States Constitution.

77.     As a result of this violation, Mr. Redmond's ankle fracture unnecessarily worsened and he experienced and continues to experience severe pain, swelling, and the inability to stand or walk for long periods of time.

**WHEREFORE**, Plaintiff, Demetrius Redmond, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus punitive

damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

**COUNT VI – *MONELL* CLAIM**
**(Defendants Cook County Sheriff Thomas Dart and the County of Cook)**

78.     Each of the above paragraphs is incorporated as if restated herein.

79.     The institutional defendants, as enforced by the official defendants, tacitly approve of the unconstitutional and unlawful deliberate indifference by their employee sheriffs through one or more of the following de facto policies, practices, and/or customs:

a)     Fostering a widespread practice at Cook County Jail in which employees are encouraged to disregard and/or not timely treat the serious medical needs of detainees;

b)     Fostering a widespread practice at Cook County Jail of not adequately screening incoming detainees for health concerns;

c)     Severely understaffing correctional officers and medical employees of Cook County Jail, despite knowing that understaffing greatly increases the chances that the detainees' serious medical needs go untreated;

d)     Underfunding the medical services provided by Cook County Jail, despite knowing that underfunding greatly increases the chances that the detainees' serious medical needs go untreated.

80.     The aforementioned policies, practices, and/or customs of the institutional defendants have been maintained and implemented with deliberate

indifference to the constitutional rights of detainees to receive adequate medical care while in the CCJ.

81.     One or more of the aforementioned policies, practices, and/or customs of the institutional defendants was the "driving force" and cause of the Unknown Cook County Sheriffs' aforementioned constitutional violations against Demetrius Redmond.

82.     One or more of the aforementioned policies, practices, and/or customs of the institutional defendants was a proximate cause of Mr. Redmond's aforementioned injuries.

**WHEREFORE**, Plaintiff, Demetrius Redmond, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## COUNT VII – INDEMNIFICATION
### (County Of Cook)

83.     Each of the above paragraphs is incorporated as if restated herein.

84.     Public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

85.     The Unknown Defendant Officers Of The Cook County Sheriff's Department and Cook County Sheriff Thomas J. Dart were employees of Cook County at the time they committed the aforementioned constitutional violations against Demetrius Redmond, and acted within the scope of their employment in

committing the aforementioned misconduct.

**WHEREFORE**, Plaintiff, Demetrius Redmond, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**DATED:** July 17, 2014

Respectfully submitted,

**HENDERSON ADAM, LLC**

By:     /s/ Victor P. Henderson
        Attorney For Plaintiff

Victor P. Henderson
Lisa M. Taylor
Rebecca R. Kaiser
**HENDERSON ADAM, LLC**
330 South Wells Street, Suite 300
Chicago, Illinois 60606
Phone:  (312) 262-2900
Facsimile:  (312) 262-2901