UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 05482 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Chicago's motion to dismiss [48] the *Monell* claim in the amended complaint is granted. Plaintiff argues that *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009), does not apply to *Monell*-policy claims, but *Iqbal* does not limit itself to any particular type of case, and instead interprets Federal Rule of Civil Procedure 8 generally. What's more, the Seventh Circuit has expressly applied *Iqbal*'s plausibility standard to *Monell* claims. *McCauley v. Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). There is, of course, no heightened pleading for civil-rights cases; they are governed by the same standard as any other case or claim that is not covered by a specific statutory-based or rule-based heightened-pleading standard. But *Iqbal*'s plausibility standard, and its accompanying principle that bare legal conclusions are not entitled to the assumption of truth, do apply to *Monell* claims.

The amended complaint falls short of that standard. In an attempt to plead the *Monell* claim, the amended complaint relies on a general reference to one jury verdict in a case involving conduct from 2007 and on deposition testimony of a federal prosecutor in 2006 (the testimony is not detailed in the complaint, and given the breadth of federal prosecutions of police misconduct, it is not clear whether the testimony related to excessive-force as distinct from other forms of police misconduct). But there is no attempt to plausibly connect those facts as allegations that relate to a moving-force policy that caused the use of force in July 2013 in this case. Moreover, in this case, the allegations are that both officers (Pellarano and Berka) engaged in the force; they both yanked Plaintiff and the other arrestee when Plaintiff and the arrestee were cuffed together, and then one officer kicked Plaintiff.

So even if there is a code of silence by which officers who do not engage in misconduct will not report others who do violate the law, that is not applicable here. And the alleged false-resisting-officer-charge policy is also not plausibly connected to the use of force; what is the *City*'s role in that policy? There is not even an allegation that the State's Attorney's Office regularly requires release-dismissal agreements, that is, an agreement where a criminal defendant is required to release civil-rights claims in exchange for dismissal of criminal charges; that mechanism at least would add some plausibility to the use of a false resisting-officer charge as a policy-means of causing the use of force. The *Monell* claim is still not adequately pled, and it is dismissed.

Lest it be misunderstood that *Monell* claims are resistant to adequate pleading, what Redmond will be allowed to do is engage in discovery from the "bottom-up." That is, even for the claims against the individual officers, Redmond may take discovery on past alleged misconduct of Pellarano and Berka. If that discovery reveals a plausible allegation that credible allegations of misconduct were repeatedly brushed off without any, or with little, investigation, then a policy claim might be adequately stated because the City's internal investigation policy could be the moving force of what Pellarano and Berka did in this case. And to smooth out discovery on this point, if Redmond wants IPRA records on this, Redmond is authorized to issue a subpoena to IPRA for discovery concerning Pellarano and Berka. If a subpoena is issued to IPRA, then the City's counsel must give a firm answer, within 10 calendar days of the subpoena's issuance, on whether the City's counsel will represent IPRA for purposes of responding to the subpoena, so that there is no confusion as to whom Redmond's counsel should contact for follow-up on the subpoena.

ENTERED:

       s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 6, 2014